**RECEIVED JUN 30 2017 U SYST**

**ATTORNEY'S NAME:** Smith, J A 07730
**AND ADDRESS:** 830 North Street, Baton Rouge, LA 70802-5534

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2017-05393 | DIVISION: M | SECTION: 13 |
|---|---|---|

**PEGUES, TERESA**

Versus

**THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL**

### CITATION

**TO:** THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL OF DENTISTRY AND FACULTY DENTAL PRACTICE
3810 WEST LAKESHORE DRIVE, BATON ROUGE, LA

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages(PETITION)

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA June 12, 2017

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Yanley Salazar, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within | On this ____ day of _____ served a copy of the within |
| **Petition for Damages(PETITION)** | **Petition for Damages(PETITION)** |
| ON **THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL OF DENTISTRY AND FACULTY DENTAL PRACTICE** THROUGH: | ON **THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL OF DENTISTRY AND FACULTY DENTAL PRACTICE** THROUGH: |
| Returned the same day ____ No. ____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL OF DENTISTRY AND FACULTY DENTAL PRACTICE** being absent from the domicile at time of said service. |
| Deputy Sheriff of ____ | Returned the same day ____ No. ____ |
| Mileage: $ ____ | Deputy Sheriff of ____ |
| / ENTERED / | |
| PAPER   RETURN | |
| SERIAL NO.   DEPUTY   PARISH | |

ID: 9664707

Page 1 of 1

**RECEIVED JUN 30 2017 L.S.U. - BOARD OF SUPERVISORS**



# Exhibit 1-a



| | |
|---|---|
| TERESA PEGUES | * NUMBER: _____ DIV.: |
| VERSUS | * CIVIL DISTRICT COURT |
| THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL OF DENTISTRY AND FACULTY DENTAL PRACTICE | * PARISH OF ORLEANS<br>* STATE OF LOUISIANA<br>* 2017-5393 |

## PETITION

The petition of Teresa Pegues, an African American female, of full age of majority and a resident of the Parish of St. Tammany, State of Louisiana, respectfully represents as follows:

1.

Named Defendant herein is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, LSU School of Dentistry ("LSU Dental School").

2.

The Plaintiff is seeking declaratory and injunctive relief and compensatory damages.

3.

As more specifically set forth below, the Plaintiff was subjected to harassment at the LSU Dental School because of her race and disability.

4.

Plaintiff also alleges that the Defendant negligently inflicted emotional distress on her and unlawfully dismissed her from the LSU Dental School.

5.

Plaintiff also alleges that the Defendant's dismissal of her from the LSU Dental School was arbitrary and capricious, not based on any substantive rules that provide for dismissal under these circumstances, and in violation of the substantive due process provisions of the Fourteenth Amendment to the United States Constitution and La. Const. Art. 1 § 2, and procedural due process as guaranteed by these constitutional provisions. The Defendant deprived Plaintiff of a meaningful right to be heard and respond to the charges against her, in opposition to her dismissal from the LSU Dental School, and the right to even apply for re-admittance.

## STATEMENT OF FACTS

6.

The Plaintiff was admitted into LSU Dental School in December, 2013, as a sophomore after transferring from Meharry Medical College School of Dentistry in Nashville, Tennessee.

7.

Prior to the events described hereinbelow, the Plaintiff had great drive and enthusiasm to complete her degree program and practice dentistry, and was capable of performing the essential functions and requirements of the LSU Dental School Program with "reasonable modifications."

8.

In addition to adequately performing her academic duties, the Plaintiff was the Project Coordinator for the Student National Dental Association ("SNDA") that provided informational dental health and hygiene materials to elementary students, and also participated in community outreach programs sponsored by the LSU Dental School to assist those in need.

9.

The Defendant's race-based discrimination and disability-based harassment and negligent infliction of emotional distress consisted of, but were not limited to, the following series of events:

A. 2013  Plaintiff's husband, Anthony Pegues, who is Caucasian, was a patient of hers at the LSU Dental School Clinic. While performing a procedure on Mr. Pegues, both he and the Plaintiff overheard one of the professors in the clinic make a racially discriminatory remark. Specifically, the professor was asked by someone in the clinic whether Anthony Pegues was Plaintiff's husband. In response, the professor stated "[o]h, hell, that's an abomination. We don't need any more Obamas running around here."

B. March 18, 2013  Two months prior to her final examinations, Plaintiff's mother passed away. Due to the stress of her mother's death, the Plaintiff was unable to pass one course (internal medicine) and was required to repeat her entire sophomore year at the LSU Dental School her second repeat of her sophomore year.

C. 2013-2016  On several occasions during Plaintiff's attendance at the LSU Dental School, she overheard students referring to her in a derogatory manner, including calling her the "n" word.

D. 2015-2016  On more than one occasion, Assistant Professor of Prosthodontics, Dr. Luis Infante ("Dr. Infante"), who taught Dent 3104, yelled and belittled Plaintiff during clinic in the presence of Plaintiff's patients, classmates, and other faculty members.

E. May, 2015  At the beginning of her second sophomore year, Plaintiff made arrangements with her professors, including Dr. Kent, to complete other assignments in lieu of retaking particular classes. When Associate Dean for Academic Affairs and APAC committee member Dean Sandra Andrieu ("Dr. Andrieu"), learned of the arrangements Plaintiff had made

2

with her professors, she became angry with her. At about this same time, Plaintiff's brother was killed. As a result of this traumatic incident, Plaintiff experienced grief and suffering. Despite Plaintiff's circumstances, Dr. Andrieu, insisted that she prepare a ten (10) page summary outlining Dr. Kent's class, in order for Plaintiff to advance to her junior year, which plaintiff did.

F. October 8, 2015   During Plaintiff's first sophomore year she had taken a Gross Anatomy course, which had been taught by Dean Henry Gremillion ("Dean Gremillion") as a sophomore class. Plaintiff made an A in that class. When Plaintiff began her junior year, some changes were made to the curriculum and as a result, Dean Gremillion decided to teach Gross Anatomy as a junior course. Plaintiff asked Dean Gremillion if she would be required to repeat Gross Anatomy as a junior since she had previously taken this class and had successfully made an "A" in it. As a result of her request, Plaintiff was cited for being "unprofessional", and Dr. Andrieu required her to attend an Academic Performance Advancement Committee ("APAC") meeting. Prior to this APAC meeting, Plaintiff was advised by Dr. Andrieu, to not respond to anything said at the meeting and to just accept the criticism from the committee. Plaintiff was very uncomfortable with this advice, but adhered to this advice even though Dr. Andrieu was one of the committee members who criticized Plaintiff during the meeting.

G. October 30, 2015   Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). Upon learning of her diagnosis, Plaintiff emailed Dr. Andrieu, in order to make the school aware of her condition. A few weeks following Plaintiff's email, she was contacted by Lauren Garnier, a counselor employed by LSUHSC, to inquire if she needed accommodations for testing. Unaware of the continued hostility and unfair obstacles that awaited her in the school year ahead, Plaintiff thought that she did not need accommodations at that time.

H. March 31, 2016   Plaintiff was taking a patient's medical history as part of her course requirements in Clinical Oral Diagnosis & Treatment Planning ("Dent 3112"). Unbeknownst to Plaintiff, the patient gave her an inaccurate medical history, which the Plaintiff had no way of knowing at the time. Professor Margaret Nuttli ("Professor Nuttli"), as well as Dr. Chet Smith ("Dr. Smith"), later became aware of the inaccurate medical history given by the patient. The inaccurate medical history, which Plaintiff was required to input into Axium, a computer program that students were required to use to track virtual cases, produced an inaccurate diagnosis through no fault of Plaintiff. This incident disrupted Plaintiff's treatment plan because it disqualified the patient that she was scheduled to see to complete her third competency requirement. As a result, Plaintiff was one (1) competency patient short of meeting the course requirements and was given a failing grade for the course. Despite Plaintiff's repeated requests that she be allowed to complete this required competency at a later time, as was commonly allowed, her requests were denied.

I. April 8, 2016   Plaintiff received email correspondence from Dr. Nicholas J. Miniotis ("Dr. Miniotis") congratulating her on completing more than the minimal requirements for advanced operatives.

J. April 8, 2016   Plaintiff received email correspondence from Dr. Francis T. Giacona ("Dr. Giacona") approving her for fast-track operative procedures in Senior Clinic with Dr. Quin.

K. May, 2016   The hostility that Dr. Luis Infante demonstrated towards Plaintiff progressively worsened because Dr. Infante expressed his purported opinion that Plaintiff was not doing her own work and did not have enough technical insight. Dr. Infante also expressed the purported opinion that but for professors giving Plaintiff the answers in competencies, rather

3

|   |   |   |
|---|---|---|
|   |   | than Plaintiff doing the work herself, she would not have passed those courses. |
| L. | May 10, 2016 | The Plaintiff received an email from Dr. Infante at 7:19 am asking that students who had not completed the six (6) crowns (veneers, overlay) expected to be completed by the end of the course Fixed Prosthodontics 1, to notify him by Friday, May 13, 2016. Plaintiff did not reply to Dr. Infante's email because at that time she was on track to timely complete the assignment. The Plaintiff received a follow-up email from Dr. Infante at 8:52 pm advising that the "extension for clinic time until June 2nd included the Prosthodontics Clinic." |
| M. | May 24, 2016 | While speaking to a classmate in the hallway, Plaintiff was approached by Dr. Infante, at which time he asked her about her fixed prosthodontics competency, which she had completed on May 18, 2016. Dr. Infante told Plaintiff to follow him into clinic and continued to ask her random questions on the spot. Plaintiff explained that she was in the middle of practicing for her board examinations and she felt overwhelmed. Nevertheless, Dr. Infante proceeded to bombard Plaintiff with questions about all types of cements and their characteristics and uses. Dr. Infante demanded that the Plaintiff tell him all the steps in the process for inserting a crown. Dr. Infante then went on to say that Plaintiff should stop "hustling and fast talking" her way through competencies. In addition, Dr. Infante stated that Plaintiff should not have passed her competency and that he (Dr. Infante) was not convinced that her grade should remain as a passing grade. |
| N. | May 25, 2016 | The Plaintiff received a letter from LSUHSC Financial Aid requesting that she complete exit requirements. However, at this time, Plaintiff had not received anything in writing notifying her that she had failed Dent 3104 - Clinical Removable Prosthodontics ("Dent 3104") or that she was being dismissed from the LSU Dental School. |
| O. | May 30, 2016 | The Plaintiff emailed Dr. Infante to inform him that one of her classmates had given her a patient in order for her to complete her six (6) crowns, and to get permission to start crown preps on June 1, 2016. Dr. Infante did not respond to Plaintiff's request by email, but later told her to cancel that patient. Seeing this patient was essential to Plaintiff's ability to complete the prosthodontics portion needed to pass that course. |
| P. | June, 2016 | Plaintiff had met all course requirements, except for the final competency requirement and there was nothing in the Student Handbook on how to handle this specific situation. Plaintiff even performed extra course work during the semester. However, instead of allowing Plaintiff additional time to complete her final competency requirement, Plaintiff was only given the option to remediate the failed appointment for "Dent 3112". Remediation of Dent 3112 required Plaintiff to repeat course work and then take a competency. Competencies test a student's "hands on" performance with their patients. This particular competency required that the Plaintiff do an oral assessment of the patient's overall dental health. Plaintiff should not have been required to remediate the course work because she had successfully completed all course work minus this final competency. Nevertheless, Plaintiff took the remediation opportunity in order to continue in school. Plaintiff successfully passed the first part of the remediation process. The next part of remediation included two virtual cases. Plaintiff completed the first virtual case, but was given no faculty feedback on her work. The next virtual case was completed one week later, in one appointment. A student is customarily given two appointments to complete an oral diagnosis and treatment plan. Six days after completing her second virtual case in remediation, Plaintiff finally received evaluations on her virtual cases. During this evaluation, Plaintiff was informed that she had failed the course. No further faculty instruction |

4

|   |   |   |
|---|---|---|
|   |   | or guidance was given to Plaintiff and she was not allowed to complete the remediation, which required only an oral assessment of the patient. |
| Q. | June, 2016 | Plaintiff was not given proper instruction or guidance during the remediation, nor was she allowed sufficient time to perform the remediation, even though on July 5, 2016, during the remediation process, and prior to her dismissal, Plaintiff met with Dean Gremillion and Dr. Andrieu to ask them to help her with the remediation process due to her ADHD, a disability covered by the LEDL. Despite her explicit request for an accommodation, no attempt was made by the LSU Dental School to accommodate the limitations created by Plaintiff's known disability. |
| R. | June 3, 2016 | Dr. Infante emailed the students in Dent 3104, including Plaintiff, to notify them that the course requirements had been reduced from six (6) crowns to five (5) crowns, in addition to the competency portion of the course. Dr. Infante also notified the students that they would be allowed an extension of time to complete the Prosthodontics portion of the course if they had "work in progress" prior to June 2, 2016. Plaintiff would have qualified as someone with "work in progress" had Dr. Infante not instructed her to cancel the patient she had scheduled for June 1, 2016. This cancelled patient would have allowed Plaintiff to complete the Prosthodontics work by the deadline and pass that portion of the class. On that date Plaintiff notified Dean Gremillion and Dr. Andrieu of her intent to appeal. |
| S. | June 3, 2016 | Plaintiff received the first letter of dismissal advising her that the APAC committee had convened without notice to her and that she had been dismissed from the LSU Dental School as a result of her having earned a final grade of "F" (failure) in Dent 3112 – Clinical Oral Diagnosis and Treatment Planning. This letter was sent to Plaintiff prior to her completion of clinical and oral diagnosis. Plaintiff had the option to appeal in five (5) days, which she did. |
| T. | June 4, 2016 | The Plaintiff emailed Dr. Infante to discuss the Removable portion of the Clinical Prosthodontics course requirement of Dent 3104 in light of his insistence that she cancel her June 1, 2016 patient appointment. Dr. Infante replied to Plaintiff's email by informing her that she had failed the Fixed Portion of the course, and that it did not matter that she had not been allowed to complete the Fixed Portion of the Clinical Prosthodontics course since she was required to pass both sections of the course in order to pass the course. He further advised her that she could still turn in the grading sheets required for the Removable Portion of the course if she wished to do so. |
| U. | June 7, 2016 | The Plaintiff attended an APAC meeting regarding her dismissal. During the APAC meeting, Dr. Andrieu accused Plaintiff of asking too many questions in clinic and of wanting the professors to give her the answers rather than doing the work herself. This upset and confused Plaintiff because she felt that asking questions during clinic is part of the learning experience and is what most students are supposed to do in the interactive clinic course. |
| V. | June 8, 2016 | The Plaintiff appealed the dismissal and failing grade that she received in Dent 3112. In this appeal letter, Plaintiff detailed the events that resulted in the failing grade and requested that her grade be changed to an incomplete and that she be given the opportunity to clinically remediate with appropriate and timely evaluations. Plaintiff made this request in order to pass Dent 3112 and remain in the LSU Dental School Program. |
| W. | June 10, 2016 | At the time of Plaintiff's appeal, the administration of the LSU Dental School was well aware of Plaintiff's ADHD. In light of the facts leading to Plaintiff having received a failing grade, her request that her grade in the |

5

|   |   |
|---|---|
|   | Fixed Prosthodonics portion of Dent 3104 be changed to an incomplete, and that she be given the opportunity to complete previously scheduled work with appropriate and timely evaluations was a reasonable request. |
| X. June 20, 2016 | The Plaintiff received a second letter of dismissal regarding her alleged failure to successfully complete an additional course, Dent 3104, the class taught by Dr. Infante. |
| Y. June 24, 2016 | The Plaintiff emailed Dr. Infante again regarding her alleged failure of the Removable Prosthodontics portion of the course, and asked for a calculation of how her grade was determined in the Fixed Prosthodontics portion of the course. |
| Z. July 5, 2016 | After meeting with Dean Gremillion and Dr. Andrieu regarding accommodations for her disability, Plaintiff met with the Dean of Admissions, Dean Toby Cheramie ("Dean Cheramie"), to inform him of her meeting with Dean Gremillion and Dr. Andrieu. During this meeting Dean Cheramie began to yell at Plaintiff and told her that she was "a disgrace and a liar", and that he regretted ever admitting her to the LSU Dental School. He then slammed the door as Plaintiff exited the office. Dean Cheramie's behavior was clearly inappropriate. |
| AA. July 7, 2016 | The Plaintiff emailed Dr. Infante stating that she would like to appeal her final grade in the Fixed Prosthodontics portion of DENT 3104, and once again asked for an opportunity to complete the prescheduled appointment of June 1, 2016, so that she could receive a passing grade in the course. |
| BB. July 9, 2016 | The Plaintiff appealed the additional letter of dismissal. In this letter, Plaintiff explained the circumstances that resulted in her receiving a failing grade from Dr. Infante, as detailed hereinabove. Plaintiff also described the hostility that she had endured from Dr. Infante. As a result of the factual circumstances that led to Plaintiff receiving a failing grade from Dr. Infante, Plaintiff again requested that her grade in Dent 3104 be changed to an incomplete and that she be given the opportunity to complete previously scheduled work in order to receive a passing grade, but her request was denied. Just as with her first request for accommodation, this request was reasonable in light of the factual circumstances involved and Plaintiff's disability. |
| CC. July 15, 2016 | The Plaintiff received a letter from Dean Gremillion stating that he had decided to uphold the original recommendation of APAC to dismiss her from the LSU Dental School. However, in this July 15, 2016 letter, the APAC committee considered several additional reasons, not previously disclosed to Plaintiff, for the committee's decision to dismiss her from the LSU Dental School. In so doing, the APAC committee deprived Plaintiff of the opportunity to address these additional factual grounds for her dismissal. In essence, Dean Gremillion ignored Plaintiff's reasonable requests in her June 8, 2016, appeal letter and instead decided to ambush her with additional reasons for her dismissal, knowing full well that she would not have the opportunity to respond. |
| DD. July 20, 2016 | Plaintiff learned, after she was dismissed from the LSU Dental School, that Dr. Infante's conclusion that she had failed the Fixed Prosthodonics Portion of Dent 3104 was incorrect. Specifically, Plaintiff, after reviewing her examination for the Fixed Prosthodontics Portion of Dent 3104, determined that one of her examinations was graded incorrectly by Dr. Infante. After recalculating her score on the examination, Plaintiff determined that she had in fact achieved a passing score on the Fixed Prosthodontics Portion of Dent 3104. Plaintiff then emailed Dr. Andrieu regarding her discovery. At this time, Plaintiff requested that her dismissal be reconsidered, but her request was denied. Plaintiff's dismissal from LSU Dental School was based in part on her having allegedly failed |

the Fixed Prothodontics Portion of Dent 3104. Despite Plaintiff's having notified the LSU Dental School of her discovery, her dismissal was not reconsidered.

## CAUSE OF ACTION NO 1:
## RACE-BASED AND DISABILITY-BASED HARASSMENT AND RETALIATION

10.

During the course of her enrollment at the LSU Dental School, Plaintiff was the victim of race-based discrimination and disability-based discrimination.

11.

At all times relevant hereto, the Plaintiff was an otherwise qualified disabled individual within the meaning of the La. R.S. 23:332 because she suffered from an adjustment disorder with mixed anxiety and depressed mood and Attention Deficit Hyperactivity Disorder ("ADHD").

12.

At all times relevant hereto, the Plaintiff's health conditions substantially limited her major life activities relative to school-related tasks such as learning, reading, concentrating, thinking, and communicating.

13.

At all times relevant hereto, the Defendant was aware of the nature and extent of the Plaintiff's disabilities and limitations.

14.

The Plaintiff made several requests to the Defendant's faculty and staff for "reasonable modifications" pursuant to La. R.S. 23:332.

15.

Despite repeated requests, the Defendant refused to accommodate the Plaintiff by providing her with "reasonable modifications" as required by La. R.S. 23:332. The "reasonable modifications", which the Defendant refused to provide, include, but are not limited to: (1) allowing course substitutions for certain required or pre-requisite courses; (2) allowing extra time on examinations; (3) allowing a reduced course load and extended time within which to complete degree requirements.

16.

The Plaintiff continuously reiterated the need for these requested "reasonable modifications".

17.

The Defendant also harassed the Plaintiff on the basis of her disability and retaliated against her for requesting "reasonable modifications", in violation of La. R.S. 23:332.

18.

The Plaintiff was also subjected to a hostile learning environment because of her disability and race.

19.

Defendant's acts of harassment included, but were not limited to, being chastised for asking too many questions, being yelled at, being spoken to in a derogatory manner, being called the "n" word, and being made to repeat courses that she had previously successfully completed.

20.

The Defendant's refusal to provide the requested "reasonable modifications" caused the Plaintiff's condition to worsen, which together with the harassment to which the Plaintiff was subjected, substantially contributed to her dismissal from the Dental School.

21.

The Defendant failed to take prompt, effective, and reasonable measures to eliminate the race-based and disability-based harassment and to prevent it from occurring in the future after being notified several times of ongoing harassment against the Plaintiff. The Administration, therefore, is in violation of La. R.S. 23:332 of the Louisiana Employment Discrimination Law ("LEDL").

22.

The actions of the Defendant described hereinabove constitute race-based and disability-based harassment and retaliation in violation of La. R.S. 23:332 of the Louisiana Employment Discrimination Law ("LEDL").

### CAUSE OF ACTION NO. 2: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23.

During the course of her enrollment at the LSU Dental School, Plaintiff was subjected to an intimidating, oppressive, hostile and offensive environment, which interfered with her emotional and physical well being.

8

24.

The Defendant has negligently engaged in acts causing Plaintiff to suffer emotional distress, both before and after her unlawful dismissal from the LSU Dental School in 2016. The emotional and mental distress suffered by Plaintiff as a result of the conduct of the Defendant was beyond what a reasonable person could be expected to endure in light of the circumstances surrounding the allegations made herein.

25.

This series of adverse actions, and the totality of the circumstances, have caused and will continue to cause the Plaintiff to suffer significant mental and emotional anguish and distress.

## CAUSE OF ACTION NO. 3:
## VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS

26.

The Plaintiff has both a property interest and a liberty interest, pursuant to La. Const. Art. 1 § 2, in her right to remain at a public institution of higher learning, in which the Plaintiff was a student in good standing. Education is vital, and indeed basic, to common society. Without sufficient education, the Plaintiff will not be able to earn an adequate livelihood, to enjoy life to the fullest, or to fulfill as completely as possible the duties and responsibilities of a good citizen.

27.

Plaintiff alleges that the Defendant's dismissal of her from the LSU Dental School was disciplinary, rather than academic in nature.

28.

Plaintiff alleges that she had the ability to digest, understand, and implement the academic material required to be promoted to the 2016-17 academic year, but due to her disability she was unable to do so in a timely manner, without reasonable modifications, and ultimately the University punished her by dismissing her.

29.

Prior to her dismissal from the LSU Dental School, the Plaintiff had incurred over Five Hundred Thousand & No/100 ($500,000) Dollars in student loans. In light of her dismissal from the LSU Dental School, other dental schools are not open to the Plaintiff. Her dismissal from the LSU Dental School will surely prejudice the Plaintiff from completing her education at any institution.

30.

The Defendant refused to provide the Plaintiff with constitutionally adequate notice of the specific charges and grounds therefore which, if proven, would justify dismissal under the rules and regulations of the LSU Dental School.

31.

The Plaintiff was not provided the names of witnesses against her, or any oral or written report on the facts to which each witness will testify. She was not afforded the opportunity to present to the Board of Supervisors, or any administrative officer of the LSU Dental School, her own defense against the charges or to provide either oral testimony or written affidavits of witnesses on her behalf.

32.

The Defendant's dismissal of the Plaintiff from the LSU Dental School denied her liberty and property rights and due process of law because her dismissal caused a loss, infringement, and denial of a governmental right or benefit that she previously enjoyed.

33.

Moreover, the dismissal also deprived the Plaintiff of her liberty interest because it imposed a stigma or other disability upon the Plaintiff that has foreclosed and impaired her freedom to take advantage of employment opportunities in her chosen field of dentistry.

## COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

34.

Prior to filing a suit against Defendant, Plaintiff complied with the Commission on Dental Accreditation ("CODA") Guidelines by filing a formal complaint with them on December 9, 2016, relative to the LSU Dental School's alleged violations of Accreditation standards.

35.

By correspondence dated February 15, 2017, CODA notified Plaintiff that the Commission has determined that the LSU Dental School Program may not be in compliance with Standards 1-3 (humanistic environment), and 2-2 and 4-6 (due process), and ordered further investigation into the program's compliance with Accreditation Standards at its next regularly scheduled meeting in Summer, 2017.

36.

Pursuant to LEDL guidelines, prior to filing suit against Defendant, Plaintiff made a good faith effort to attempt to resolve her dispute with Defendant, but Defendant has refused to cooperate.

### REQUEST FOR RELIEF

37.

As a result of the Defendant's actions, Plaintiff has suffered substantial damages including, but not limited to, the following:

1. past, present, and future physical pain and suffering;

2. past, present, and future emotional and mental suffering;

3. loss of self-esteem and pride;

4. loss of enjoyment of life and damage to reputation;

5. loss of earning capacity and future loss of income;

6. loss of other non-pecuniary losses and intangible injuries.

38.

The Plaintiff also requests reinstatement into the LSU Dental School, as well as "reasonable modifications" necessary to complete the course requirements, or in the alternative, reinstatement into the LSU Dental School for the purpose of transferring to another dental school so that she may continue and complete her education.

### JURY DEMAND

39.

The Plaintiff respectfully requests trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, TERESA PEGUES, prays for judgment against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College:

a. For a declaratory judgment finding that the defendant, because of the actions described hereinabove, violated La. R.S. 23:332;

b. That the Plaintiff be reinstated into the LSU Dental School and be afforded "reasonable modifications" in order to complete the course requirements, or in the alternative, be reinstated into the LSU Dental School in order to allow her to transfer to another dental school so that Plaintiff can continue and complete her education;

11

c. That the Plaintiff be awarded such compensatory damages as a result of Defendant's violations of the provisions of La. R.S. 23:332 of LEDL;

d. That the Plaintiff be awarded reasonable attorney's fees, litigation expenses and costs;

e. That the Plaintiff be awarded other and further relief as the Court deems just and appropriate.

Respectfully submitted;

SMITH LAW FIRM

J. Arthur Smith, III (La. Bar 07730)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com
*Counsel for Plaintiff, Teresa Pegues*

**PLEASE SERVE:**

The Board of Supervisors of Louisiana State University
and Agricultural and Mechanical College,
LSU School of Dentistry and Faculty Dental Practice
3810 West Lakeshore Drive
Baton Rouge, LA

A TRUE COPY

*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

12