# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERESA PEGUES,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2407** |
| **THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, LSU SCHOOL DENTISTRY AND FACULTY DENTAL PRACTICE**<br>    Defendant | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion filed by Defendant Board of Supervisors of Louisiana State University and Agriculture and Mechanical College pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Defendant moves to dismiss the amended complaint filed by Plaintiff Teresa Pegues.[2] The motion is opposed.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2017, Plaintiff Teresa Pegues filed a petition in Louisiana state court alleging Defendant Board of Supervisors of Louisiana State University and Agriculture and Mechanical College ("Board of Supervisors") wrongfully discriminated against her and dismissed her from the LSU School of Dentistry.[4] The case was removed to this Court on March 6, 2018.[5] On March 13, 2018, Defendant moved to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] On May 3, 2018, this Court ordered Plaintiff to file an amended complaint to clarify her claims and the factual allegations on

---

[1] R. Doc. 24.
[2] R. Doc. 18.
[3] R. Doc. 27.
[4] R. Doc. 1-2.
[5] R. Doc. 1.
[6] R. Doc. 4.

1

which those claims are based.[7] Plaintiff filed an amended complaint on May 18, 2018.[8] In it, she states her three remaining claims: (1) failure to accommodate her disability in violation of Title II of the Americans with Disabilities Act ("ADA"),[9] (2) disability-based discrimination in violation of the ADA, and (3) disability-based discrimination in violation of Louisiana law.[10] On June 8, 2018, Defendant filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[11] Plaintiff filed an opposition on June 19, 2018,[12] and Defendant filed a reply to the opposition on June 28, 2018.[13]

## LAW AND ANALYSIS

Plaintiff brings suit against Defendant Board of Supervisors, an instrumentality of the State of Louisiana.[14] Although Defendant has not raised a defense of sovereign immunity, the Court will consider it *sua sponte* because it bears on the Court's subject matter jurisdiction.[15] Congress may abrogate state sovereign immunity if it "makes its intention to abrogate unmistakably clear in the language of the statute" and "acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."[16]

Plaintiff brings suit under Title II of the ADA.[17] The ADA clearly states Congress's intent to abrogate state sovereign immunity.[18] In *United States v. Georgia*,[19] the Supreme

---

[7] R. Doc. 17.
[8] R. Doc. 18.
[9] 14 U.S.C. § 12131 *et seq.*
[10] R. Doc. 18.
[11] R. Doc. 24.
[12] R. Doc. 27.
[13] R. Doc. 35.
[14] *See Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001) (unpublished table decision) ("[T]he LSU Board is an 'arm of the state' that enjoys Eleventh Amendment immunity.").
[15] *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this [sovereign immunity] issue *sua sponte* because it bears on this court's subject-matter jurisdiction." (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir.1999))).
[16] *Nev. Dep't. of Human Res. V. Hibbs*, 538 U.S. 721, 726 (2003).
[17] R. Doc. 24.
[18] *See Tennessee v. Lane*, 541 U.S. 509, 518 (2004) (citing 14 U.S.C. § 12202).
[19] 546 U.S. 151 (2006).

Court established a three-part test to determine whether Title II's abrogation of state sovereign immunity pursuant to § 5 of the Fourteenth Amendment is valid.[20] To make this determination, a court must consider "on a claim–by-claim basis[:] (1) which aspects of the [s]tate's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."[21]

The second prong of the *Georgia* test requires a court to determine whether the state's conduct violated the Fourteenth Amendment.[22] If the court finds no Fourteenth Amendment *violation*, it proceeds to the third prong. The third prong requires a court to ask "whether the state's action in the case *implicates* a constitutional right . . . grounded in the Fourteenth Amendment's Equal Protection and Due Process Clauses."[23] If so, the court determines "whether Title II is congruent and proportional as to the class of cases implicating" the Fourteenth Amendment right at stake,[24] as required by the Supreme Court's decision in *City of Boerne v. Flores*.[25] If Title II is congruent and proportional to the constitutional right, the ADA validly abrogates sovereign immunity for the claim.[26]

Plaintiff does not identify which right grounded in the Fourteenth Amendment, equal protection or due process, was violated. Nor does Plaintiff address whether, absent a Fourteenth Amendment violation, Congress's purported abrogation of sovereign

---

[20] *See Hale v. King*, 642 F.3d 492, 497–98 (5th Cir. 2011).
[21] *Georgia*, 546 U.S. at 159.
[22] *Id.*
[23] *Arce v. Louisiana*, No. 16-14003, 2017 WL 5619376 at *22 (E.D.La. 2017) (citing *Tennessee v. Lane*, 541 U.S. 509, 522–23 (2004)) (emphasis added); *see also Shaikh v. Texas A&M Univ. Coll. of Med.*, No. 16-20793, 2018 WL 3090415 at *9 (5th Cir. 2018) (finding erroneous a district court's holding that state sovereign immunity bars everything but constitutional claims).
[24] *Id.*
[25] 521 U.S. 507 (1997).
[26] *Arce*, 2017 WL 5619376 at *22.

immunity is nevertheless valid.

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[27] As a result, the Court grants Plaintiff leave to amend her complaint to address these issues.

## CONCLUSION

**IT IS ORDERED** that Plaintiff file an amended complaint to address the basis of the Court's jurisdiction. Plaintiff's amended complaint shall be filed by no later than **Monday, September 17, 2018 at 5:00 p.m.**

**IT IS FURTHER ORDERED** that if the Plaintiff files an amended complaint in accordance with this order, Defendant's motion to dismiss will be denied as moot without prejudice.

**IT IS FURTHER ORDERED** that if the Plaintiff does not file an amended complaint in accordance with this order, Defendant's motion to dismiss will be granted.

**New Orleans, Louisiana, this 27th day of August, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).