MINUTE ENTRY
WILKINSON, M. J.
APRIL 1, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA PEGUES | CIVIL ACTION |
| VERSUS | NO. 18-2407 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY ETC. ET AL. | SECTION "E" (2) |

**HEARING AND ORDER ON MOTION**

APPEARANCES: Robert Schmidt, representing plaintiff; Gregory Fahrenholt, representing defendant (both via telephone at counsel's request)

MOTION: Plaintiff's Motion to Compel Deposition, Record Doc. No. 54

O R D E R E D:

XXX : DENIED. Where–as here–the court has entered a scheduling order setting a deadline, Record Doc. Nos. 23; 53, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC, No. 3:12-CV-0548-D, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (quotation omitted) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)); accord Borden v. United States, 537 F. App'x 570, 574 (5th Cir. 2013) (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997); Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

The good cause standard applies to discovery deadlines established by the court, Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P., 542 F. App'x 142, 145 (5th Cir. 2013); Paz v. Brush Engineered Materials, Inc., 555 F.3d 383, 390 (5th Cir. 2009), and "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the

MJSTAR: 0:07

diligence of the party needing the extension.'" Puig v. Citibank, N.A., 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting S & W Enters., 315 F.3d at 535) (emphasis added).

Plaintiff has not been diligent in pursuing discovery. Judge Morgan recently extended the parties' discovery deadline, but only by one week, to March 19, 2019. Record Doc. No. 53. Thus, the extended deadline lapsed twelve (12) days ago. Of the two deposition notices attached to plaintiff's motion, one was served on March 4, 2019, with a return date of March 12, 2019, while the other was served on March 11, 2019, with a return date of March 18, 2019. Record Doc. Nos. 54-3; 54-4. No matter which of these notices the court considers, both notices were unreasonably short, in violation of Fed. R. Civ. P. 30(b)(1). As to the requests for production of documents, Fed. R. Civ. P. 30(b)(2) provides that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 34(b)(2)(A) provides, in pertinent part, that "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . ." In purporting to require production in much less than 30 days, the request for production of documents included in the deposition notice was also untimely.

Plaintiff has offered no explanation for her dilatory action. The initial scheduling order was entered ten months ago. The subject discovery is fundamental. There is no reason why it should not have been completed months ago. In June 2018, in denying defendant's motion to stay discovery, I instructed the parties that Judge Morgan's scheduling order contains deadlines that "are not 'suggestions' but firm deadlines which will be strictly construed. The court will not grant motions (whether opposed or unopposed) to continue these deadlines except under rare and extraordinary circumstances, and at the Court's sole discretion." Record Doc. No. 33 at p. 2 (citing Record Doc. No. 23 at p. 1) (emphasis added).

While conducting basic discovery is usually important, plaintiff's delay indicates that she has heretofore attributed no importance to it. Permitting an extension of the discovery deadlines would unduly prejudice defendant, at this late date when dispositive motion practice and trial preparation should be conducted. It appears from the district judge prior orders and most recent order granting only a limited extension of the discovery deadline that a further continuance is not available. For all the foregoing reasons, "good cause" to permit this discovery after the extended deadline has not been established. Plaintiff's motion is DENIED.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE